OPPENHEIM APPAREL CORPORATION, Plaintiff, *v.* MICHAEL J. CRUISE, City Clerk, Defendant.

LOFT, INCORPORATED, Plaintiff, *v.* MICHAEL J. CRUISE, City Clerk, Defendant.

MOSES H. HARRIS, Plaintiff, *v.* THE CITY OF NEW YORK et al., Defendants.

KENDALL H. METHOT et al., Plaintiffs, *v.* THE CITY OF NEW YORK et al., Defendants.

Supreme Court, New York Special Term, March, 1922.

New York city — ordinance eliminating illuminated signs from certain streets not unconstitutional — exemption of theatres from scope of ordinance not an unlawful discrimination — municipal corporations — Greater New York Charter, §§ 44, 50, as amended — Code of Ordinances, § 215.

Under the Greater New York Charter (§ 50, as amended) the board of aldermen, subject to the Constitution and laws of the state, has authority to adopt ordinances regulating the use and maintenance of signs extending over and upon the streets of the city, and in addition to all enumerated powers may under section 44 of the charter, as amended, exercise all the powers vested in the city by said charter or otherwise, and may from time to time pass such proper ordinances, not inconsistent with said charter or with the Constitution or laws of the state, applicable through the whole city or only to specified portions thereof as to the said board of aldermen may seem meet for the good government of the city.

Licenses duly issued to plaintiffs granting permission to maintain illuminated signs on their various places of business in Thirty-fourth street between Fourth and Seventh avenues in the borough of Manhattan, New York city, expired December 23, 1921. Upon the ground that a city ordinance in effect December 23, 1920, forbids the maintenance of illuminated signs such as plaintiffs', on buildings within that locality after December 23, 1921, the city clerk refused to renew said licenses. The complaint in an action to restrain the removal of plaintiffs' signs alleged upon information and belief that the defendants, the commissioner of public works, the president of the borough and the police commissioner, had asserted that unless plaintiffs should forthwith remove their said signs, they would forcibly do so. *Held,* that the contention that the ordinance was unconstitutional because it discriminated against people located on the specified street and avenues in favor of all other localities in the city, cannot

be upheld for the omission to allege facts which if true would tend to show that the ordinance was arbitrary or unreasonable and unlawfully discriminated in favor of all other localities of the city.

Plaintiffs were not unlawfully discriminated against because the theatres and other places of amusement on Thirty-fourth street were not included within the prohibition, as under section 215 of the Code of Ordinances only such places of amusement that may continue to receive licenses for signs are those having such signs on December 13, 1921, and even if the exception in favor of theatres and other places of amusement be deemed unconstitutional it can be readily separated from the constitutional part, leaving that in full force and effect.

MOTION for judgment dismissing complaints.

*Edward E. McCall,* for plaintiff Oppenheim Apparel Corporation.

*Gilbert & Gilbert,* for plaintiff Loft, Inc.

*O'Brien, Boardman, Parker & Fox,* for plaintiffs Harris and Methot.

*John P. O'Brien,* corporation counsel, for defendants.

DAVIS, J.  The defendants in each action have moved for judgment dismissing the complaint therein under rule 106 of the Rules of Civil Practice on the ground that the complaint does not state facts sufficient to constitute a cause of action.  The actions are brought to restrain the various defendants from removing plaintiffs' illuminated signs. which have been maintained by them under licenses from the city clerk on their various places of. business in Thirty-fourth street, between Fourth and Seventh avenues, in the borough of Manhattan, New York city.  The plaintiffs allege upon information and belief that the commissioner of public works, the president of the borough and the police commissioner have asserted that unless the plaintiffs shall forthwith remove their said illuminated signs they will forcibly remove said signs.  The licenses in question expired on the 23d of December, 1921, and the city clerk has refused to renew them on the ground that an ordinance of the city of New York which went into effect December 23, 1920, forbids the maintenance of illuminated signs such as plaintiffs' on buildings on Thirty-fourth street between Fourth and Seventh avenues after December 23, 1921.  The ordinance in question and its amendments are comprised within article 16 of chapter 23 of the Code of Ordinances of New York City.  Section 210 thereof is entitled " General Provisions " and permits signs, etc., or be placed on the fronts of buildings.  It also allows signs to be hung at right angles to the buildings, " except a building  * * *  on Fifth avenue, between Washington square north and 110th street, or on 34th street, between Fourth avenue and Seventh avenue, or on Madison avenue, between 34th street and 72d street, or on 57th

street, between Lexington avenue and Broadway." Section 215 is entitled "Illuminated signs." It provides that all permits for illuminated signs shall be issued by the city clerk. It also provides for the renewal of permits for illuminated signs and expressly cancels all existing permits for the erection and maintenance of illuminated signs, *except carriage calls*, on buildings situated within the above-mentioned restricted area of Thirty-fourth street, etc., the cancellation to be effective December 23, 1921, *i. e.*, one year after the amendment went into effect. Subdivision 6 then provides that "No illuminated sign, *except carriage calls*, shall hereafter be erected on any building" situated within the limited area referred to above. The illuminated signs of the plaintiff in each of these four actions have been and are now maintained on premises situated within the area of Thirty-fourth street between Fourth and Seventh avenues. By a further amendment to subdivision 2 of section 215, which amendment took effect May 27, 1921, a license expiring since December 23, 1920, could be renewed for a period ending December 23, 1921, but for no longer. Section 215, subdivision 2, was again amended December 16, 1921, by excepting from the prohibition against maintaining illuminated signs upon buildings within the said restricted areas "illuminated signs existing upon theatres or other places of amusement on December 13th, 1921." It thus appears, assuming these ordinances to be valid, that it was unlawful to issue permits for the maintenance after December 23, 1921, of illuminated signs upon buildings within the said restricted areas, except permits for carriage call signs and illuminated signs existing upon places of amusement on December 13, 1921. Since December 23, 1921, the various plaintiffs have been displaying the signs without the licenses required by the ordinances, but under the protection of the temporary injunction herein which restrains the defendants from removing them. The plaintiffs claim that the ordinances under which the defendant city clerk has refused to issue to them permits for illuminated signs is discriminatory and unconstitutional because the amendment last above referred to excepts from the prohibition of the ordinance theatres and other places of amusement on Thirty-fourth street, and is, therefore, unfair to other persons engaged in other classes of business on Thirty-fourth street. The plaintiffs pray for judgment, declaring the ordinance as amended to be void, illegal and of no effect in so far as it prevents the maintenance by plaintiffs of illuminated signs on Thirty-fourth street between Fourth and Seventh avenues after December 23, 1921; that defendant Cruise be required to issue the permits applied for to run for one year from December 23, 1921;

that defendants Miller, Johnson and Enright, their agents, etc., be enjoined from taking down or otherwise interfering with the maintenance of the illuminated signs on the premises of the various plaintiffs, and for a restraining order during the pendency of the action. The plaintiffs urge, *first*, that the ordinance is illegal and void because it denies to those engaged in business on the streets and avenues named the privilege of using illuminated signs to advertise their business while according that privilege to those engaged in business on all other streets and avenues in the city, and, *second*, that if not void for the first reason it is void because it grants an exclusive privilege to persons engaged in the theatrical and other amusement business along the streets and avenues named in the ordinance. Under the Greater New York charter the board of aldermen, subject to the Constitution and laws of the state, has authority to adopt ordinances regulating the use and maintenance of signs extending over and upon the streets of the city. § 50, as amd. And under section 44 of the charter, as amended, " the board of aldermen, in addition to all enumerated powers may exercise all of the powers vested in The City of New York by this act, or otherwise, by proper ordinances * * * not inconsistent with the provisions of this act, or with the constitution or laws of the United States or of this state * * * may from time to time ordain and pass all such ordinances * * * applicable throughout the whole of said city or applicable only to specified portions thereof, as to the said board of aldermen may seem meet for the good rule and government of the city, and to carry out the purposes and provisions of this act or of other laws relating to the said city * * *." In the case of *Fifth Ave. Coach Co.* v. *City of New York*, 194 N. Y. 19, 29, the court, referring to these provisions of the charter, said: " The board of aldermen are thus the judges as to what ordinances they will pass to carry out and preserve the interests of the municipality and unless an ordinance passed by them is wholly arbitrary and unreasonable it should be upheld. The necessity and advisability of the ordinance is for the legislative power to determine. The presumption is in favor of the ordinance." The first contention of the plaintiffs that the ordinances are unconstitutional because they discriminate against people located on the specified street and avenues in favor of all other localities in the city cannot be upheld. It is disposed of by the failure of the plaintiffs to allege any facts in the complaints which, if true, would tend to show that the ordinances were arbitrary or unreasonable and unlawfully discriminatory in favor of all other localities in the city. *Fifth Ave. Coach Co.* v. *City of New York*, *supra.* I incline to the belief that this contention suggests plaintiffs'

real grievance. Probably they have no strong objection against places of amusement having the exclusive right of maintaining illuminated signs on Thirty-fourth street as a guide to patrons in the night time. Their real grievance is that the streets named have been set apart from all other streets of the city as areas within which there shall be no illuminated signs. There is no doubt that advertising by illuminated signs is very beneficial to business. At the same time the multiplication of those outstanding signs in this very busy section of the city easily can become an eyesore, a nuisance and an improper use of the air space over the thoroughfares. We may assume that the board of aldermen before passing this restrictive ordinance gave due consideration to the interests of those theretofore maintaining illuminated signs on Thirty-fourth street and that the ordinance was adopted as the result of its deliberate judgment that the interest, comfort and convenience of the public demanded it. Nor do I regard of any great weight the other ground of objection, to wit, that plaintiffs are unlawfully discriminated against because theatres and places of amusement on Thirty-fourth street are not included within the prohibition. The theatres and other places of amusement that may continue to receive licenses for signs are limited to those having such signs on December 13, 1921. Ordinances of New York City, chap. 23, art. 16, § 215, approved by the mayor December 16, 1921; *Soon Hing* v. *Crowley*, 113 U. S. 703, 708, 709. Furthermore, if the exception in favor of theatres and other places of amusement be deemed unconstitutional it can be separated readily from the constitutional part, leaving in full force the constitutional part. *Duryee* v. *Mayor*, 96 N. Y. 477, 491, 492. It is my opinion that none of the complaints herein states a cause of action. An order may be proposed dismissing each complaint on the merits. The injunctions herein are vacated.

Motion granted.