PREFERRED TIRES, INC., Plaintiff, *v.* VILLAGE OF HEMPSTEAD, Defendant.

Supreme Court, Nassau County, March 28, 1940.

*Alexander Berman,* for the plaintiff.

*C. H. Tunnicliffe Jones,* for the defendant.

HOOLEY, J. This is an action brought to restrain the village of Hempstead from enforcing the provisions of a village ordinance which was enacted on or about the 21st day of February, 1939, and which, by the terms thereof, becomes effective on April 1, 1940.

The ordinance relates to all kinds of signs and in effect prohibits any and all types of vertical signs and any other signs projecting from the face of any building over any sidewalk, street, highway or alley in the village and requires the removal of all signs presently in existence which are violative of the provisions of said section.

The plaintiff contends that there is no precise authority in the Village Law for the enactment of such ordinance and claims further that, even if there were authority, such ordinance would be unreasonable, unconstitutional and void.

Subdivision 48 of section 89 of the Village Law provides, among other things, that the board of trustees of a village: " * * * may regulate or *prohibit* the use of the streets for lights, *signs,* awnings, horse troughs, posts, poles and wires; may regulate and prohibit the hanging, exhibiting and swinging of banners, placards and flags in, upon and across streets and from one building to another * * *."

Section 90 of the Village Law provides, in part, as follows: "The board of trustees after a public hearing shall have power to enact, amend and repeal ordinances not inconsistent with existing law, for the government of the village, the management of its business, the preservation of good order, peace, health, safety and welfare of its inhabitants and the protection and security of their property whether such authority is specifically granted by this chapter or other law or necessarily implied therefrom."

The court is of the opinion that the foregoing sections provide ample authority for the enactment by the village of the ordinance in question here. This would leave only the question as to whether the ordinance is in any way unreasonable or discriminatory. As was said by the court in *People* v. *Kue* (272 N. Y. 72): "An ordinance enacted by a village pursuant to a delegation of power should be reasonable and its purpose should be to protect the public health, morals, safety, order or general welfare. (*People ex rel. Wineburgh Adv. Co.* v. *Murphy*, 195 N. Y. 126, 131; *People* v. *Ringe*, 197 N. Y. 143, 149.)"

Signs hanging over streets and sidewalks are always a possible menace to pedestrians and wayfarers on the highway, and it is the opinion of the court that the ordinance was adopted for purposes of public safety. Certainly, there is nothing in the record to indicate otherwise. Under such circumstances, the ordinance is clearly reasonable and proper.

The plaintiff claims that the ordinance is discriminatory in that it excepts from its operation signs on hotel and theatre marquees. With this contention the court does not agree, and finds that the ordinance is not discriminatory as to this particular plaintiff because the ordinance affects alike everyone in his situation in the village of Hempstead. The exception in favor of theatres and hotels cannot be criticized, for those places are clothed with a public interest, and it is proper and in fact it is to be desired that such places be enabled to have proper signs on their marquees for the benefit of the traveling public and theatre-going public. Thousands of people go to the theatres each week, and it is important from a standpoint of parking and traffic conditions that the public be advised, by the signs on the marquee, of the particular amusement then showing at that theatre.

In addition, in a case involving a somewhat similar ordinance in the city of New York (*Oppenheim Apparel Corp.* v. *Cruise*, 118 Misc. 368), the court said: "Furthermore, if the exception in favor of theatres and other places of amusement be deemed unconstitutional it can be separated readily from the constitutional part, leaving in full force the constitutional part. (*Duryee* v. *Mayor*, 96 N. Y. 477, 491, 492.)"

The plaintiff also makes objection to the fact that the ordinance applies to existing signs as well as to signs hereafter to be erected. He claims that his sign has been erected for several years, and was put up at considerable cost. There is no merit to this objection. The village has issued no permits or licenses for the erection of such signs and their existence is by sufferance only.

In *City of St. Louis* v. *St. Louis Theatre Co.* (202 Mo. 690; 100 S. W. 627) it was held that a municipal ordinance providing that no hanging sign might project away from any building and over the sidewalk more than eighteen inches was valid. It was further held that the owner of the sign was not entitled to compensation for the deprivation, under the ordinance, of the right to exhibit his sign, although it had been hung from the building some time before the ordinance was enacted.

Plaintiff lays stress upon the claim that æsthetic considerations are the basis for the enactment of the ordinance in question and he quotes extensively from decisions in which the courts of this State have veered away from sustaining similar enactments for æsthetic reasons only.

The village of Hempstead would be far more beautiful if, upon its business streets, all of the present signs, placed in different positions, at different heights, of different shapes and colors, were completely eliminated from the public eye and instead there was presented a clear and unobstructed view in which ugliness had been replaced by the symmetry and architecture of modern business buildings.

For years the courts have strained to sustain the validity of regulatory or prohibitory ordinances of this character upon the basis of the public safety. They decided that æsthetic considerations could afford no basis for sustaining such legislation. Such considerations were deemed to render an ordinance of this character unconstitutional. But the views of the public change in the passing of years. What was deemed wrong in the past is looked upon very often today as eminently proper. What was looked upon as unreasonable in the past is very often considered perfectly reasonable today. Among the changes which have come in the viewpoint of the public is the idea that our cities and villages should be beautiful and that the creation of such beauty tends to the happiness, contentment, comfort, prosperity and general welfare of our citizens. The zoning regulations, which have been upheld by our courts, indicate the changes in the attitude of the public and the courts with respect to the right of a man to use his own property. He must now consider to some extent the interest of his neighbors and the interest of the community in general. The courts should not be so bound down with ancient precedent that they should close their eyes to every change.

Judge FINCH, in his dissenting opinion in the Court of Appeals in *Matter of Mid-State Advertising Corp.* v. *Bond* (274 N. Y. 82), with clarity and logic, maintained that an ordinance of the city of Troy, prohibiting the erection of billboards or signboards anywhere within the city limits, with a few limited exceptions, was reasonable and should be sustained, even though based only on æsthetic considerations, and the majority opinion in that case leaves unanswered the question whether outdoor advertising on private property within public view may be restricted by law for cultural or æsthetic reasons only.

This court is not restricted to æsthetic reasons in deciding to sustain the validity of the ordinance in question, but if it were so restricted, it would not hesitate to sustain the legislation upon that ground alone. The court cannot believe that, with the Legislature of the State specifically delegating the power to regulate or prohibit signs in the public streets, a municipal board in this day and age can be so restricted, as plaintiff contends, in thus promoting the happiness and general welfare of the community.

From all of the foregoing, the court is of the opinion that the village board had authority to enact the ordinance under the Village Law and that the said ordinance is not unreasonable or discriminatory and that the same, therefore, is valid.

Accordingly, the complaint is dismissed, without costs. Submit findings and judgment on notice.