MALLARY, INC., Individually and on Behalf of All Other Persons Similarly Situated, Plaintiff, *v.* CITY OF NEW ROCHELLE, Defendant.    (Action No. 2.)

Supreme Court, Westchester County, May 1, 1944.

*Rubin & Rubin* for plaintiff.

*Aaron Simmons* for defendant.

GEORGE H. TAYLOR, JR., Official Referee. This is a reference to hear and determine the issues. The action is in equity. It

is brought by plaintiff on its own behalf and other persons similarly situated, to restrain the defendant's enforcement of the ordinance which is claimed to invade the rights of the plaintiff and such other persons, because invalid, unconstitutional and an improper exercise of the police power by reason of (1) vagueness, (2) lack of real relation to the safety, health, morals or general welfare of the community, (3) discrimination violating the equal protection afforded by fundamental law, and (4) arbitrariness and capriciousness. The defendant municipality urges that the questioned ordinance is constitutional and valid — a proper exercise of police power delegated to it by the State. Incidentally, plaintiff who under a previous ordinance paid to the defendant a fee for a permit to erect over a public sidewalk a sign in front of plaintiff's premises, which installation cost money, claims a vested right to maintain that sign forever — a claim which on its face is unfounded because of the rights of the public in the public highway. The *status quo* as to the sign is being maintained *pendente lite* by order duly made. The case on both sides has been presented by skillful lawyers whose able briefs and oral arguments have been helpful to the court.

Plaintiff is in business as a furniture dealer at No. 459 Main Street, New Rochelle. It occupies an entire two-story building. Lawfully under a permit duly issued, plaintiff five years ago erected over the public sidewalk on Main Street and attached to its building a large vertical sign. The name " Mallary " thereon was in large letters. The other words " Furniture " and " Decorators " were in horizontal letters under the name. The sign was and is visible four and a half to five blocks to the west and three to four blocks to the east, on Main Street, which runs generally east and west. The sign was an expensive one, costing $1,400. Its installation cost $70 more. Its clear purpose was to advertise plaintiff's business. The Building Department duly issued a permit for its erection. It has never caused injury. It is not questioned that it was maintained lawfully in position until December 1, 1943, when the questioned ordinance took effect as to the sign. The ordinance was duly adopted by the Council on September 20, 1943. It reads:

" ORDINANCE prohibiting angle signs over the sidewalk, street or highway and prohibiting signs which are flat against a building or structure from extending in excess of twelve inches over the sidewalk, street or highway and repealing section 13.21-C of the Building Code.

" Be it ordained by the City of New Rochelle.

" Section 1. The Building Code of the city of New Rochelle is hereby amended by adding thereto a new section to be known as Section 13.21-D which shall read as follows:

" Section 13.21-D. *Angle signs extending over the sidewalk or flat signs extending more than twelve inches over the sidewalk prohibited.* No sign shall be erected or maintained at right angles or at any angle to a building or structure which sign extends or projects over the sidewalk, street or highway. No sign which is erected or maintained flat against any building or structure shall extend or project more than twelve inches over the sidewalk, street or highway.

" Any signs now in existence in the City which violate the provisions hereof and which do not conform to the provisions hereof shall be altered, removed or replaced in conformity with the provisions of this section on or before December 1, 1943.

" The provisions of this section however, shall not prohibit the erection and maintenance of signs erected and maintained on a marquee, on theatres, hotels or public buildings.

" Definitions. The word ' sign ' as used in this section is intended to mean and include any sign, billboard, show bill, show board or sign containing any advertising or directional matter but does not include directional signs erected and maintained pursuant to law.

" Section 2. Section 13.21-C of the Building Code is hereby repealed.

" Section 3. This ordinance shall take effect thirty days after its adoption."

The prohibited signs (disregarding for the moment flat signs) are those attached to the buildings adjacent to the highway extending at angles to the buildings over the highway and thoroughfare.

It is well to call to mind certain principles: (a) the burden of proving the unreasonableness of the ordinance is upon the plaintiff for the enactment is valid presumptively (*Matter of Wulfsohn* v. *Burden,* 241 N. Y. 288, 296; *Matter of Stevens* v. *Clarke,* 216 App. Div. 351, 361; *People* v. *Griswold,* 213 N. Y. 93, 96, 97) ; (b) erection of a sign encroaching upon an adjacent public highway when permitted vests the owner with no right to its continued maintenance as his only right is under a revocable license and exists only as long as the municipality continues the permission, which it may revoke in the interest of the people and to promote the general welfare (cf. *Matter of Green* v. *Miller,* 249 N. Y. 88, 94, 96; *Ackerman* v. *True,* 175 N. Y. 353).

It seems to be contended by plaintiff that the ordinance is unreasonable and unlawful because it is discriminatory in that it permits signs on a marquee on theatres, hotels or public buildings. While there is a suggestion also that by reason of the expense which plaintiff incurred upon the issuance of a permit plaintiff has a vested right to the maintenance of the sign, that suggestion may be dismissed. There is and can be no such vested right (*Matter of Green* v. *Miller, supra; Ackerman* v. *True, supra*).

Plaintiff concedes defendant's right to legislate for the public safety, morals, health and welfare of its inhabitants, and to regulate the use of its highway by reasonable and nondiscriminatory regulations. It urges, however, in its point one in effect that the ordinance: (1) is not sufficiently clear and precise and does not promote and has no relation to any of the enumerated subjects; (2) is unreasonable and discriminatory because of the excepted signs by its terms permitted and is therefore violative of fundamental law, and (3) is arbitrary, capricious, vague and indefinite because it does not regulate the type, size, shape, coloring and other features of the signs permitted.

I decide that each of these contentions, however learnedly urged, is unsound. (a) The ordinance is as clear and precise as language can make it. A sign over a sidewalk is a potential hazard to passersby. For this reason alone the ordinance has substantial relation to and promotes the public safety and the general welfare. In addition, uncontradicted evidence of real estate experts called by the defendant necessitates the conclusion that the absence of the prohibited signs is a circumstance beneficial to real estate. (b) The permission to maintain the excepted signs does not constitute discrimination avoiding the ordinance (*Preferred Tires, Inc.,* v. *Village of Hempstead,* 173 Misc. 1017; cf. *Fifth Ave. Coach Co.* v. *City of New York,* 194 N. Y. 19). And (c) plaintiff's suggestion that the ordinance is arbitrary, capricious, vague and indefinite because of its omission to specify the type, size and other features of the signs still permitted, is without substance; there is no legal requirement that there be such specification.

*Preferred Tires, Inc.,* v. *Village of Hempstead (supra),* which is a Special Term ruling by Justice HOOLEY, not reviewed on appeal, is directly in point against the plaintiff on the subjects of reasonableness and alleged discrimination. The ordinance there involved, adopted by the Village pursuant to the Village Law, prohibited any and all types of vertical and other signs projecting from the face of any building over any sidewalk,

street or highway, excepted from its operation, signs on hotels and theatre marquees and required the removal of violating signs. In effect it was held that the ordinance was reasonable, nondiscriminatory, constitutional and valid. Justice Hooley, in the constitutional phase, wrote (173 Misc. 1017, 1018), as follows: " The plaintiff claims that the ordinance is discriminatory in that it excepts from its operation signs on hotels and theatre marquees. With this contention the court does not agree, and finds that the ordinance is not discriminatory as to this particular plaintiff because the ordinance affects alike everyone in his situation in the Village of Hempstead. The exception in favor of theatres and hotels cannot be criticized, for those places are clothed with a public interest, and it is proper and in fact it is to be desired that such places be enabled to have proper signs on their marquees for the benefit of the traveling public and theatre-going public. Thousands of people go to the theatres each week, and it is important from a standpoint of parking and traffic conditions that the public be advised, by the signs on the marquee, of the particular amusement then showing at that theatre."

The Justice also cited a case involving a somewhat similar ordinance in the City of New York (*Oppenheim Apparel Corp.* v. *Cruise,* 118 Misc. 368, 372), and referred to the court's statement in that case, based on *Duryee* v. *Mayor, etc. of N. Y.* (96 N. Y. 477, 491, 492) as follows: " Furthermore, if the exception in favor of theatres and other places of amusement be deemed unconstitutional, it can be separated readily from the constitutional part, leaving in full force the constitutional part."

As to the ordinance here involved, the still-permitted signs, in my opinion, do not constitute discrimination avoiding the ordinance for constitutional reasons. To paraphrase Justice Hooley's statement (118 Misc. 1017, 1018), the enactment is not discriminatory as to this plaintiff because the ordinance affects alike everyone in plaintiff's situation in the city of New Rochelle. Further, to constitute equal protection of the laws (U. S. Const., 14th Amendt., § 1; N. Y. Const., art. I, § 11), it is only necessary that there by equality among those similarly situated (*People ex rel. W. E. & C. Co.* v. *Netz,* 193 N. Y. 148, 165). Other authorities favorable to the defendant in this (constitutional) phase are: *Fifth Ave. Coach Co.* v. *City of New York* (194 N. Y. 19, *supra*), *Oppenheim Apparel Corp.* v. *Cruise* (*supra*) and *People* v. *Wolf* (220 App. Div. 71).

In plaintiff's point two the ordinance is questioned as improperly retroactive and confiscatory in that it deprives plaintiff

and those similarly situated of property rights without due process of law. This argument presupposes a vested right to maintain over the sidewalk forever a sign once permitted by the municipality and erected at the owner's expense. As I pointed out, there is no such vested right. Diligent counsel, citing some authorities constituting good law per se as to the public rights in the highway, but having no direct bearing on plaintiff's rights as to its sign, urges the considerable expenditures of plaintiff and others in erecting their respective signs then permitted and urges further that the plaintiff and those others had the right to believe that the City would not compel the removal of those signs as long as they were maintained in safe condition and otherwise complied with the existing requirements. I say that as matter of law the plaintiff and those similarly situated did not have a right so to believe. The plaintiff even insists that the situation is comparable to that of the case of *City of New Rochelle* v. *Westchester Elec. R. R. Co.*, tried before Justice NOLAN in White Plains, and affirmed by the Appellate Division (176 Misc. 1044, affd. 262 App. Div. 874, leave to appeal to Court of Appeals denied 262 App. Div. 961). There the City endeavored to cancel a franchise for the operation of a trolley line; but the company's rights were held to be vested. Certainly the doctrine of the case cited is foreign to the proper consideration of this case in which clearly the law stated in *Matter of New York Electric Lines Co.* (201 N. Y. 321, 334) applies — to the effect that the mere granting of a permit by a city to a corporation to use the streets for a purpose, is a license merely, revocable at the pleasure of the city, unless it has been accepted and some substantial part of the work performed contemplated by the permission sufficient to create a right of property and thus form a consideration for the contract. In the case of the plaintiff's sign, as frequently reiterated, plaintiff obtained no vested right.

The ordinance in question repealed a previous one — section 13.21-C of the Building Code — which was theretofore held invalid by Justice NOLAN at Special Term on a motion for an injunction *pendente lite* to restrain the enforcement of that ordinance. I have studied his learned opinion, nothing in which, as I read it, is in conflict with my view that the present ordinance is valid.

Complaint dismissed, without costs. Settle decision and judgment on notice. Plaintiff may present requests to find upon which I will pass. Thirty days' stay to the plaintiff and sixty days to make and serve a case.