VER HOVEN WOODWARD CHEVROLET, INC., v. DUNKIRK.

1. MUNICIPAL CORPORATIONS—SIGNS—MARQUEES—PUBLIC SAFETY.
    Municipal authorities have the power to control the erection and
        maintenance of signs, awnings, marquees, or other protuber-
        ances which, to some degree, obstruct light, air, and free vision
        along a public thoroughfare, since the public safety and wel-
        fare of motorists and pedestrians are involved (Highland Park
        City Ordinance No 697, § 364[f]).

2. SAME—ORDINANCES—DISCRIMINATION.
    A court may not hold a municipal ordinance invalid on the ground
        of discrimination except upon a showing by claimant of dis-
        crimination that he is the victim of an invidious classifica-
        tion.

3. SAME—ORDINANCES—CLASSIFICATION.
    A municipal ordinance will not be declared unconstitutional on
        ground of arbitrary classification unless it is clearly and un-
        questionably whimsical and unreasonable.

4. SAME—ORDINANCES—PRESUMPTION OF CONSTITUTIONALITY.
    An ordinance is presumed to be constitutional and will not be
        declared unconstitutional unless clearly so, or so beyond a
        reasonable doubt.

5. SAME—ORDINANCES—SIDEWALKS—MARQUEES—SIGNS.
    City ordinance according some preference as to approval of
        theater marquees and requiring approval of the city council for
        erection or maintenance of other marquees and fixed awnings
        and prohibiting signs projecting more than 12 inches over
        any public sidewalk held, a reasonable classification in suit of
        automobile dealer who sought to maintain sign after ordinance,
        became effective (Highland Park City Ordinance No 697,
        § 364[f]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 5]  37 Am Jur, Municipal Corporations § 312.
[2]  37 Am Jur, Municipal Corporations § 187.
[3, 4]  37 Am Jur, Municipal Corporations § 189.

6: Costs—Public Question—Marquees—Overhanging Signs.
   No costs are allowed in suit challenging differentiation made in a
   city ordinance between advertising signs and marquees and
   fixed awnings, a public question being involved (Highland
   Park City Ordinance No 697, § 364[f]).

Appeal from Wayne; Culehan (Miles N.), J. Submitted October 16, 1957. (Docket No. 74, Calendar No. 47,176.) Decided March 4, 1958.

Bill by Ver Hoven Woodward Chevrolet, Inc., a Michigan corporation, against George L. Dunkirk and Earl B. Young, as city officials of Highland Park, to enjoin enforcement of ordinance and to determine right to maintain display sign overhanging sidewalk. Decree for defendants ordering removal. Plaintiff appeals. Affirmed.

*Maiullo & Maiullo (Joseph A. Maiullo,* of counsel), for plaintiff.

*Earl B. Young,* City Attorney, and *Crawford S. Reilley,* Assistant City Attorney, for defendants.

Smith, J.   This case challenges the differentiation made in a city ordinance between advertising signs on the one hand, and marquees and fixed awnings on the other.

Section 364(f) of Ordinance No 697 of the city of Highland Park, provides as follows:

"No signboard or projecting sign shall hereafter be erected so as to project more than 12 inches over any public sidewalk, street or alley within the city of Highland Park, nor shall any existing signboard or projecting sign be maintained so as to project to more than 12 inches over any public sidewalk, street or alley within the city of Highland Park after 5 years from the effective date of this ordinance.

"No marquee or fixed awning shall hereafter be erected or maintained so as to project over any public sidewalk, street or alley except with the official approval of the city council and subject to the condition of section 217(c) of the building code.

"Such marquees or fixed awning if approved, shall display no advertising matter, except that approved marquees attached to theaters may display the name of the theater and the title of current or future attractions. Permission granted by the city council to erect or maintain fixed awnings and marquees shall be revocable at the will, whim or caprice of said council.

"All ordinances or parts of ordinances in conflict herewith are hereby repealed only to the extent necessary to give this ordinance full force and effect."

The general manager of plaintiff, a Michigan corporation, testified that the sign in question had been erected in 1948. It projects over the sidewalk a distance in excess of the ordinance-restricted 12 inches. Consequently the city, through its city engineer, ordered removal of the sign after passage of the 5-year period referred to above. Plaintiff thereupon brought its bill in chancery, praying "that a decree be entered herein adjudicating plaintiff's rights" and that defendants be enjoined from enforcing the terms of the above ordinance. The chancellor's decree upheld the constitutionality of the ordinance, and ordered compliance with its provisions, or removal. The plaintiff comes to us on a general appeal.

We need not expatiate upon the breadth of the power possessed by municipal authorities to control the erection and maintenance of signs, awnings, marquees, or other protuberances which, to some degree, obstruct light, air, and free vision along a public thoroughfare. The public safety and welfare are involved, not only as to motorists, confronted with

a variety of flashing and static lights vying with traffic-control signals for the motorists' attention, but also with respect to pedestrians, to whom signs hanging over streets are always a possible menace, a potential hazard.  See, generally, 7 McQuillin, Municipal Corporations (3d ed), § 24.587; *1426 Woodward Avenue Corp.* v. *Wolff,* 312 Mich 352.

The appellant, however, does not challenge the right of the municipality to legislate with respect to public safety and welfare, nor, indeed, to regulate the use of the public streets, sidewalks, and spaces above and beneath.  The attack, rather, turns on the matter of discrimination.  It is said, first of all, that the special approval clause of the ordinance above quoted "constitutes an arbitrary and unconditional classification as between the marquee owners who could secure a special permit from the common council and those who could not secure such special permit, and it matters not whether all of the marquee or fixed awning owners have received such special approval, for the evil in such an ordinance rests in the fact that the approval is 'revocable at the will, whim or caprice of said council.'"  We will not rule on the objection to the ordinance unless and until we have before us a marquee or fixed awning owner who complains of the discrimination.  It is accurately said in 6 MLP, Constitutional Law, § 42, p 42, that "No one may complain that a Michigan statute denies equal protection if he fails to show that he is the victim of an invidious classification."

It is also urged, however, that the basic distinctions in the ordinance between signs, marquees, and fixed awnings is, itself, "an arbitrary classification and has no basis in fact or in law."  We do not, of course, strike down a legislative classification unless it is clearly and unquestionably whimsical and unreasonable.  As we said in *1426 Woodward Avenue Corp.* v. *Wolff, supra,* 370:

" 'Every reasonable presumption or intendment must be indulged in favor of the validity of an act, and it is only when invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution that a court will refuse to sustain its validity. A statute is presumed to be constitutional and it will not be declared unconstitutional unless clearly so, or so beyond a reasonable doubt.' "

There are clear and obvious distinctions between a projecting sign (defined in the ordinance in section 355[d]), and awnings and marquees. The matter was examined with care in the case of *Mallary, Inc.,* v. *City of New Rochelle,* 184 Misc 66 (53 NYS2d 643), affirmed in 268 App Div 878 (51 NYS2d 91), leave to appeal denied in 294 NY 839 (62 NE2d 391), the classification there under consideration being held reasonable in the following terms (53 NYS2d 647):

"The ordinance there involved, adopted by the village pursuant to the village law, prohibited any and all types of vertical and other signs projecting from the face of any building over any sidewalk, street or highway; excepted from its operation signs on hotels and theater marquees; and required the removal of violating signs. In effect it was held that the ordinance was reasonable, nondiscriminatory, constitutional and valid. Justice Hooley, in the constitutional phase, wrote (*Preferred Tires, Inc.,* v. *Village of Hempstead,* 173 Misc 1017, 1018 [19 NYS2d 374, 376]) as follows: 'The plaintiff claims that the ordinance is discriminatory in that it excepts from its operation signs on hotels and theater marquees. With this contention, the court does not agree, and finds that the ordinance is not discriminatory as to this particular plaintiff because the ordinance affects alike everyone in his situation in the village of Hempstead. The exception in favor of theaters and hotels cannot be criticized, for those places are

clothed with a public interest, and it is proper, and in fact it is to be desired, that such places be enabled to have proper signs on their marquees for the benefit of the traveling public and theater-going public. Thousands of people go to the theaters each week, and it is important from a standpoint of parking and traffic conditions that the public be advised, by the signs on the marquee, of the particular amusement then showing at that theater.' "

The reasoning above expressed is equally applicable to the matter before us.

Affirmed. No costs, a public question.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.