George B. Tepper, J.
With respect to the charge made against the defendant for violation of section 9-101.1 of the Municipal Code, this section makes it unlawful to place any ‘ ‘ For Sale ’ ’ or “ Sold ” sign, or sign of like import, on any building or property located in a residence district. The defendant appears pro se and has attacked the constitutionality of this section.
The Court of Appeals, in Vernon Park Realty v. City of Mount Vernon (307 N. Y. 493), has held that a city council has the power to enact certain laws respecting the use of property in accordance with well-considered and comprehensive plans designed to promote the public health, safety and general welfare, as long as the power is not exerted in an arbitrary, unreasonable or capricious manner. The question, therefore, is whether the ordinance falls within the purview of that decision.
The Corporation Counsel has cited several cases which have upheld ordinances prohibiting the erection of certain signs and has urged, in support of his position, that such decisions stand for the proposition that the legislative body of the municipality can properly regulate the erection of signs under the police power (1) for the purpose of public safety and welfare and (2) for aesthetic reasons.
In Preferred Tires v. Village of Hempstead (173 Misc. 1017) the ordinance prohibited signs from being erected which projected over the street or the sidewalk.
In the case of Matter of Mid-State Adv. Corp. v. Bond (274 N. Y. 82) billboards were prohibited in localities where they *312 might mar the beauty of the natural scenery or distract travelers on congested city streets.
The court holds that these cases .are clearly distinguishable from the facts in the case before the court now. In fact, in the latter case cited by the People, the court held that signs under certain circumstances may not be barred from the municipality but controls based on reasonable grounds may be exercised.
The decisions with respect to signs and the control of them by municipalities are changing and it- is true, .as stated by the Corporation Counsel, -that the more recent decisions support the view that zoning ordinances may be valid even though based solely on aesthetic grounds (21 ALE 3d 1222, 1239).
In the instant case, however, the law prohibits only one type of sign, namely, those pertaining to the sale or rental of real property, but other signs are not prohibited. How can it then be urged that such a sign affects the beauty of the community, whereas political posters or other types of signs are not barred by the statute ?
The same fallacy with respect to the People’s argument exists with respect to the fact that signs are prohibited for reasons of public safety because the attention of motorists might be diverted by these signs. The Corporation Counsel has overlooked the fact that seasonal decorations, such as Christmas flags and ornamentation or Easter displays, which have become prevalent in recent years, are not prohibited by any ordinance and may certainly distract the attention of motorists much more than signs advertising the sale or renting of property.
I therefore hold that the ordinance as set forth in section 9-101.1 of the Municipal Code is unconstitutional and does deprive defendant of his property and rights without due process of law and, accordingly, the motion by the defendant to dismiss this charge against him is granted.