**Francine NEWMAN,
Plaintiff-Appellant,**

v.

**The BOARD OF EDUCATION OF the
CITY SCHOOL DISTRICT OF NEW
YORK, Defendant-Appellee.**

**No. 101, Docket 74–1845.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 25, 1974.

Decided Jan. 6, 1975.

Certiorari Denied March 31, 1975.

See 95 S.Ct. 1447.

Gene Ann Condon, New York City, for plaintiff-appellant.

Alfred Weinstein, New York City, Adrian P. Burke, Corp. Counsel of the City of New York, L. Kevin Sheridan and H. Kenneth Wolfe, New York City, of counsel, for defendant-appellee.

Before CLARK, Associate Justice,[*] and MOORE and TIMBERS, Circuit Judges.

PER CURIAM:

Appellant—Francine Newman is a tenured, licensed teacher with some 18 years' experience in the New York City school system. As the result of a medical finding that she was psychologically "not fit at present for teaching duty," appellant was placed on involuntary leave of absence without pay by the Board of Education from September 11,

[*] Associate Justice Tom C. Clark, United States Supreme Court, Retired, is sitting by designation.

1970, to June 30, 1971. On September 25, 1971, she was directed to resubmit to a mental examination and was again placed on involuntary medical leave without pay until June 30, 1972.

Pursuant to Article 78 of the New York Civil Practice Laws and Rules, she filed a petition for review of these determinations in the New York Supreme Court, seeking: (a) to annul the original determination of unfitness; (b) to direct that her leave of absence not be counted against her accumulated sick leave; and (c) to require the Board to furnish her copies of all medical reports relied upon in its determinations. The state court denied her this relief, but concluded that the second determination of unfitness for school years 1971–72 was not based on the requisite medical findings and remanded the case to the Board for the formulation of an adequate record. The court ordered the Board to conduct another examination of appellant and to reconsider its determination in light of this re-examination and any medical reports of independent physicians submitted by appellant.[1]

Following denial of leave to appeal by the Appellate Division and Court of Appeals, Ms. Newman brought this suit for declaratory and injunctive relief under 42 U.S.C. § 1983, claiming that the Board had violated her right to procedural due process by not providing her an adversary proceeding. On February 15, 1974, the District Court granted the Board's motion for summary judgment on the ground that the earlier state court decision was *res judicata* of the matter. At that time, the District Court

did not have the benefit of the decision of this Circuit in Lombard v. Board of Education, 502 F.2d 631 (2d Cir. 1974), which was announced on July 22, 1974. We believe that *Lombard* controls both the *res judicata* and due process questions.

It is clear from the record that appellant never raised her federal constitutional claims in the state court. There is no mention of any claim of procedural due process in the New York Supreme Court's opinion; indeed, it specifically went off on other considerations. The United States District Court, however, concluded that appellant "did raise the issue of due process violations" in her state court petition, citing paragraph 34 of the complaint. That paragraph follows:

> 34. Petitioner's forced medical leave of absence has been accomplished in violation of petitioner's due process and equal protection rights, and in disregard of her tenure rights which entitled her to a due process hearing on charges as a prerequisite to suspension. Education Law, [McKinney's Consol.Laws, c. 16,] Section 2573(5).

No allegation, elaborations, or citations of authority accompany this, the sole mention of the phrase "due process" in appellant's entire twelve-page petition. We conclude therefore that her due process claim was neither raised nor adjudicated in the New York Supreme Court.

Under the authority of *Lombard,* we are obliged to reverse the judgment and remand the case for further proceedings in light of this opinion.

Reversed.

---

1. Appellant has since refused to undergo any further mental examinations by the Board.