Constantine MONTAGNA,
Plaintiff,

v.

John T. O'HAGAN, as Fire Commissioner of the City of New York and as Chairman and Treasurer of the Fire Department Pension Fund (Article I) and the Board of Trustees of the Fire Department Pension Fund, Defendants.

No. 75 Civ. 602.

United States District Court,
E. D. New York.

Oct. 23, 1975.

Howard C. Fischbach, Flushing, N. Y., for plaintiff.

W. Bernard Richland, Corp. Counsel by Marian Probst, Asst. Corp. Counsel, New York City, for defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Both parties have moved for summary judgment pursuant to FRCP 56; the plaintiff on the ground that there is no genuine issue of any material fact and that he is entitled to judgment as a matter of law, and the defendants on the ground that plaintiff's complaint is barred by the Statute of Limitations and by res judicata and/or collateral estoppel.

Jurisdiction is allegedly obtained under Title 28 United States Code § 1343, and plaintiff alleges in his complaint that his "claim is predicated upon provisions of Title 42 United States Code § 1983, in that he was wrongfully retired from his employment as Lieutenant in the Uniformed Fire Forces of the Fire Department of the City of New York in violation of his rights as a citizen of the United States under the Constitution of the United States, specifically, but not limited to, his rights to equal protection of the laws pursuant to the Fourteenth Amendment thereto and the Constitution of the State of New York, Article I, Section 11."

After alleging that the matter in controversy exceeds, exclusive of the interest and costs, the sum of $10,000, the complaint seeks a judgment declaring void plaintiff's alleged wrongful retirement, mandating his reassignment to light duty until he reaches the retirement age of 65 years and granting him appropriate salary and wage differential adjustments.

Plaintiff became a fireman and a member of Article I of the Fire Department Pension Fund on January 1, 1938, and over the years after passing civil service promotion examinations he attained the rank of Lieutenant and aggregated a total service of 31 years.

In 1962 the Medical Board of the Fire Department found plaintiff to be suffering from a partial permanent disability not caused in the performance of his duties and recommended that he be assigned to the Light Service Squad pursuant to Section B19–4.0, subdivision a, paragraph 4 of the Administrative Code of the City of New York.

Periodically thereafter plaintiff's condition was re-evaluated by the Board and after his last examination in November of 1968 the Board rendered its opinion that his condition was unchanged and that he should be continued in limited service.

Thereafter, on the application of the Fire Commissioner, plaintiff was retired on ordinary disability on October 2, 1969.

On or about November 16, 1970, the plaintiff, together with certain other firemen, commenced an action in the Supreme Court, New York County, entitled *Sarrosick v. Lowery, et al.* (not officially reported, index number 6376/1971, *aff'd without opinion*, 43 A.D.2d 911, 352 N.Y.S.2d 418, *leave to appeal denied*, 34 N.Y.2d 514, 355 N.Y.S.2d 1025, 311 N. E.2d 515 (1974) ). In that action plaintiffs sought (i) to enforce certain claimed constitutional rights and contract rights under the pertinent Administrative Code provisions allegedly applicable to their membership, (ii) to obtain a declaration that their retirement was null and void, (iii) to obtain reassignment to light duty until they reached the retirement age of 65 and (iv) to receive appropriate adjustments in their wages and salaries.

In an unreported memorandum decision dated March 30, 1973, rendered after trial, Mr. Justice Arnold Fein granted defendants judgment dismissing the complaint. Plaintiff appealed to the Appellate Division, First Department, and, after an affirmance without opinion, sought leave to appeal from the Court of

Appeals which application was denied. (34 N.Y.2d 514, 355 N.Y.S.2d 1025, 311 N.E.2d 515 (1974) ).

On or about April 22, 1975, plaintiff filed his summons and complaint in this action.

At the outset it may be observed that neither party raised, briefed or argued the question of whether this action may be maintained against the defendants since they are all sued in their official rather than individual capacities. See: *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), *Accord: Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973) but *cf.* cases involving injunction against public officials from invading constitutional rights. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Griffin v. County School Board of Prince Edward County*, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964).

In view of this Court's disposition of this case on other grounds, however, it is not necessary to resolve this question.

Defendants' first ground for their motion for summary judgment is that plaintiff's action is barred by the applicable Statute of Limitations.

■ Where there is no applicable Federal Statute of Limitations, the Federal courts have repeatedly held in civil rights and other cases that the limitations law of the forum state must be applied. *Campbell v. City of Haverhill*, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895); *UAW v. Hoosier Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).

■ In this Circuit the courts have further repeatedly held that the Statute of Limitations for a civil rights action is the one for actions "to recover upon a liability, penalty or forfeiture created or imposed by statute." Viz: CPLR § 214(2); *Swan v. Board of Higher Education of the City of New York*, 319 F. 2d 56 (2d Cir. 1963); *Romer v. Leary*, 425 F.2d 186 (2d Cir. 1970); *Kaiser v. Cahn*, 510 F.2d 282 (2d Cir. 1974); *Bomar v. Keyes*, 162 F.2d 136 (2d Cir. 1947), *cert. denied*, 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400 (1947); *Laverne v. Corning*, 316 F.Supp. 629 (S.D.N.Y. 1970), *modified on other grounds*, 376 F.Supp. 836 (S.D.N.Y.1974), *aff'd as modified*, 522 F.2d 1144 (2d Cir. 1975); *Beyer v. Werner*, 299 F.Supp. 967 (E.D. N.Y.1969).

Section 214(2) of the New York Civil Practice Law & Rules prescribe a three-year limitation period for actions to recover upon a liability created by statute.

■ Since plaintiff's claim for wrongful retirement accrued in October of 1969, it is clear that any claim for deprivation of civil rights in connection therewith became time-barred in October of 1972 and hence his action instituted in April of 1975 is clearly barred.

■ Plaintiff seeks to circumvent the impact of this statute and the above cited cases by characterizing his claim as one for impairment of a contractual obligation or liability. In seeking to avoid the impact of defendants' second ground for summary judgment on the basis of res judicata and/or collateral estoppel, however, defendants contend that "the only constitutional remedy invoked in the earlier *Sarrosick* case" under the New York State Constitution was that "membership in any pension or retirement system of the State or of a civil division thereof shall be a contractual relationship the benefits of which shall not be diminished or repaired." In other words, not only is any such claim or issue properly determinable in the State court rather than in this Court but by plaintiff's own admission it was so determined in the prior State court proceeding herein.

■ Accordingly, plaintiff's contention in this respect appears to be wholly without merit. If, as it appears, plaintiff's action is grounded on 42 U.S.C. § 1983, then it is barred by the three-year

statute of limitations. If, as plaintiff here contends, his action is grounded in an alleged contract, then his argument has already been rejected in State court and is barred under the doctrine of res judicata, or collateral estoppel. Under either circumstance, the Court must dismiss.

■ It also appears that a claim under § 1983 is barred by res judicata or collateral estoppel as well as by the statute of limitations. The essence of plaintiff's claim in this action is that he was denied his constitutional (both State and Federal) rights to the equal protection of the laws when the Commissioner made a distinction between the class of employees which had sustained service related disabilities and the class which had incurred non-service connected disabilities, retaining the former in light duty service and retiring the latter.

In his brief on appeal to the Appellate Division, First Department, in the *Sarrosick* case, plaintiff argued, *inter alia* (at pp. 19, 22, 23 and 24):

"We ask this Court to hold that, in law, no real basis warranting distinction between the provisions of B19–4.0 really is justified where all members of the Pension Funds, who received light duty, are and should be entitled to the same ultimate disposition on the theory of equal protection of the laws.

\* \* \* \* \* \*

Whether an employee has sustained a service or non-service connected injury, he has, as a member of his pertinent retirement system, specific constitutional rights extending to situations where a certification of light duty has been granted and performed. Protecting only those who sustained a service related disability and deprive others falling into a non-service category, whenever the question of light duty arises, would be contrary to the constitutional rights guaranteed employees suffering from either type of disability. To do otherwise would establish classifications favoring one over the other, thus denying the employee with a non-service connected injury of the equal protection of the laws under Article 1, Section 11 of the State Constitution. The essence of this constitutional right to 'equal protection of the laws' is that all persons similarly situated, e. g. those actually *assigned* rather than the right to be assigned to perform light duty work, must be treated alike. *Myer v. Myer*, 271 App.Div. 465, 66 N.Y.S.2d 83, motion denied 271 App.Div. 823, 66 N.Y. S.2d 618, appeal granted 271 App.Div. 869, 66 N.Y.S.2d 630, aff'd 296 N.Y. 979, 73 N.E.2d 562 (1946); and *Mallary v. City of New Rochelle*, 184 Misc. 66, 53 N.Y.S.2d 643, aff'd [268] App.Div. 878, 51 N.Y.S.2d 91, appeal denied 268 App.Div. 914, 51 N.Y.S.2d 758, appeal denied 294 N.Y. 839 [62 N.E.2d 391], aff'd 295 N.Y. 712, [65 N.E.2d 425] (1944). B19–4.0 abd subdivision a, paragraph 4 thereunder and Section B19–7.83 must be read together to achieve fairness and stability in effectuating a policy of light duty. *People v. Ryan*, 274 N.Y. 149, [8 N.E.2d 313] (1937). A contrary position would, again, deprive those *similarly situated* of the equal protection of the laws."

In other words, plaintiff made essentially the same equal protection arguments in the prior State court action as he advances here.

■ The law is that once an issue has been litigated in the State courts, it may not be relitigated in the Federal courts. *Taylor v. New York City Transit Authority*, 433 F.2d 665 (2d Cir. 1970).

Neither *Lombard v. Board of Education*, 502 F.2d 631 (2d Cir. 1974), *cert. denied*, 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975), nor *Newman v. Board of Education*, 508 F.2d 277 (2d Cir.), *cert. denied*, 420 U.S. 1004, 95 S. Ct. 1447, 43 L.Ed.2d 762 (1975), have changed this rule. Indeed, Judge Gur-

fein in the *Lombard* case specifically stated that (502 F.2d at pp. 636–637):

"Of course, where a constitutional issue is actually raised in the state court, as it can be in an Article 78 proceeding by treating it as an action for a declaratory judgment, *Matter of Kovarsky v. Housing & Development Administration,* 31 N.Y.2d 184, 335 N.Y.S.2d 383, 286 N.E.2d 882 (1972), the litigant has made his choice and may not have two bites at the cherry. See *Thistlethwaite v. City of New York,* 497 F.2d 339 (2d Cir. 1974)."

In the *Newman* case the Court of Appeals merely held that for a preclusion to be effective "elaborations or citations of authority" must be presented in the State court proceeding and not just a mere mention of the constitutional question. As indicated above, the plaintiff elaborated the equal protection argument to the Appellate Division and presented it with numerous citations of authority.

In *Brown v. DeLayo,* 10 Cir., 498 F.2d 1173 (1974), a discharged teacher lost an appeal from a State court determination that she had been denied her due process rights under the United States Constitution and thereafter commenced an action in the Federal District Court claiming violations of her constitutional rights under 28 U.S.C. § 1343(3) and (4), and 42 U.S.C. §§ 1981 and 1983. In holding that since her due process claims had been litigated in the State courts, the teacher was "collaterally estopped" from raising them again in Federal Courts, the Tenth Circuit Court of Appeals said (498 F.2d at pp. 1175–1176):

"The issue is not res judicata because that principle 'applies to repetitious suits involving the same cause of action.' *Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898. The §§ 1981 and 1983 claims presented here were not before the state courts. However, the state claims and the present civil rights claims all depend on the determination of the question of whether the teacher was denied due process. In this situation the judgment in the prior actions 'operates as an estoppel * * * "as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." ' Ibid. at 598, 68 S.Ct. 715. The principle of collateral estoppel by judgment precludes the relitigation of matters litigated and determined in a prior proceeding. Ibid.

" * * * A prior state court adjudication of a federal constitutional right bars a subsequent federal action seeking vindication of the same right. *Hanley v. Four Corners Vacation Properties, Inc.,* 10 Cir., 480 F.2d 536, 538. The rule applies even though the federal action is brought under §§ 1981 and 1983. The Civil Rights Act is not a vehicle for a collateral attack on a final state court judgment. *Bricker v. Crane,* 1 Cir., 468 F.2d 1228, 1231, cert. denied 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592. See also *Parker v. McKeithen,* 5 Cir., 488 F.2d 553, 557–558; *Tang v. Appellate Division of New York Supreme Court, First Department,* 2 Cir., 487 F.2d 138, 141–143, cert. denied 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 and *Coogan v. Cincinnati Bar Association,* 6 Cir., 431 F.2d 1209, 1211.

"The teacher seeks to avoid estoppel by claiming different issues and parties in the state and federal actions. As to issues she points to her claims of back pay, retirement benefits, and conflict of interest of a state official. These are all ancillary to and dependent upon determination of the fundamental due process claim. She voluntarily litigated that claim in the New Mexico courts and had a full and fair opportunity to present her contentions, with an adverse result. Determination of her right to lost income between the date of discharge and the date of the hearing on the propriety of discharge cannot be determined on the appeal before us."

For the foregoing reasons it is clear that plaintiff's complaint herein is both time and otherwise barred and must be dismissed.

So ordered.