Jon H. HAMMER, Plaintiff,

v.

The TOWN OF GREENBURGH, the Board of Ethics of the Town of Greenburgh, and William B. Finneran, Defendants.

No. 77 Civ. 3975(MP).

United States District Court,
S. D. New York.

Nov. 11, 1977.

Layton & Sherman, by Robert Layton, New York City, for plaintiff.

Joel H. Sachs, Elmsford, N.Y., for defendants.

## DECISION

POLLACK, District Judge.

In this action, plaintiff seeks legal and equitable relief, pursuant to the Constitution and 42 U.S.C. § 1983, for the termination of his uncompensated position as a member of the Town of Greenburgh Environmental Quality Control Commission, under circumstances alleged to have damaged his reputation. In May 1975, the defendant Board of Ethics, at the request of the defendant Town Board, rendered an advisory opinion that specified facts manifested an improper conflict of interest on the part of a Commission member. The opinion allegedly referred to plaintiff, although he was not named either in the opinion or in the request therefor. Subsequently, at a public meeting, the Town Board declined to reappoint plaintiff, whose term had expired. At that meeting defendant Board Member Finneran referred to the Board of Ethics opinion regarding the conflict of interest. Plaintiff alleges that his reputation and professional standing as an attorney have been injured as a result of these events.

Defendants have moved to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. They assert, *inter alia*, that this action is barred by a prior Article 78 proceeding brought by plaintiff in the New York courts, pertaining to the same facts complained of herein.

Res judicata and collateral estoppel are not among the grounds for dismissal listed in Rule 12(b). However, they may properly be asserted in a motion for summary judgment, and plaintiff concedes that the instant motion may be treated as such. Further:

Although Rule 12(b) Fed.R.Civ.P. does not expressly prescribe collateral estoppel as a ground for pretrial dismissal, "it is generally held that, in the interest of efficient and expeditious judicial administration, *res judicata* [and, as a corollary, collateral estoppel] can be raised and considered" via pre-trial motion to dismiss. *Pyles v. Keane,* 418 F.Supp. 269, 273 (S.D.N.Y.1976), *quoting Thistlethwaite v. City of New York,* 362 F.Supp. 88, 91 (S.D.N.Y. 1973), *aff'd,* 497 F.2d 339 (2d Cir.), *cert. denied,* 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974).

■ When constitutional claims are litigated in state court, res judicata bars their relitigation in federal district court. *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 419, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); *Lackawanna Police Benevolent Association v. Balen,* 446 F.2d 52 (2d Cir. 1971). Under the doctrine of collateral estoppel, a plaintiff who has a constitutional claim decided against him in state court is foreclosed from asserting the same claim in federal district court, even if the federal court action involves a different defendant. *Rosenberg v. Martin,* 478 F.2d 520, 525 (2d Cir.), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973) (dictum) (Friendly, J.); *Pyles v. Keane,* 418 F.Supp. 269, 273 (S.D.N.Y.1976). It does not matter whether plaintiff had a choice of forums in the prior litigation. A prior state criminal prosecution may foreclose assertion of a constitutional claim in a subsequent civil proceeding in federal court. *Thistlethwaite v. City of New York,* 497 F.2d 339 (2d Cir.), *cert. denied,* 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974); *Pyles v. Keane,* 418 F.Supp. 269, 273–74 (S.D.N.Y.1976).

■ In contrast with the usual rules of res judicata, a constitutional claim is not barred by prior state proceedings simply because it would have been appropriate to litigate the claim in those proceedings. Rather, a constitutional claim is barred only if it was actually raised and litigated in the state court action. *Newman v. Board of Education,* 508 F.2d 277, 278 (2d Cir.), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1447, 43

L.Ed.2d 762 (1975); *Lombard v. Board of Education,* 502 F.2d 631, 635–36 (2d Cir. 1974), *cert. denied,* 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975); *Morpurgo v. Board of Higher Education,* 423 F.Supp. 704, 710 (S.D.N.Y.1976).

Plaintiff's petition in the Article 78 proceeding raised the three grounds for relief asserted herein: that the finding of the Board of Ethics was arbitrary, capricious and an abuse of discretion, Petition ¶ 18; that the Boards' actions violated plaintiff's constitutional rights to due process and equal protection, *id.* ¶ 26; and that these actions were void for failure to comply with various New York statutes, *id.* ¶¶ 20–23. The New York courts considered these assertions and rejected the petition on the merits.

■ Plaintiff cites two cases holding that civil rights actions were not barred either by prior administrative determinations or by the Connecticut Court of Common Pleas' dismissal of appeals from those determinations on the ground of untimeliness. *Darnell v. Lloyd,* 395 F.Supp. 1210, 1211–12 (D.Conn.1975); *Hollander v. Sears, Roebuck & Co.,* 392 F.Supp. 90, 95 (D.Conn.1975). In the instant case, however, it is not any administrative determination, but the Article 78 proceeding which bars the action. Further, the state courts have rejected the claims asserted herein on the merits, while each of the opinions cited by plaintiff carefully notes that the prior Court of Common Pleas proceedings had failed to yield a decision on the merits. Plaintiff also cites two decisions, *Newman v. Board of Education,* 508 F.2d 277 (2d Cir.), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1447, 43 L.Ed.2d 762 (1975); *Lombard v. Board of Education,* 502 F.2d 631 (2d Cir. 1974), *cert. denied,* 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975), as holding that prior Article 78 proceedings do not bar subsequent Section 1983 actions in federal courts. However, both opinions state that the constitutional claims there asserted were not raised in the prior Article 78 proceeding. *Newman,* 508 F.2d at 278, *Lombard,* 502 F.2d at 635.

**30**

If a litigant in plaintiff's position is entitled to present his constitutional claims to a federal court—by no means an *a priori* certainty, *see, Huffman v. Pursue, Ltd.*, 420 U.S. 592, 606 n.18, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975)—he is entitled to present them only to the Supreme Court of the United States, *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286–87, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); *Tang v. Appellate Division*, 487 F.2d 138 (2d Cir. 1973), *cert. denied*, 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974). Accordingly, the instant action is barred by res judicata, and defendants' motion to dismiss the complaint is granted.

Motion granted.

SO ORDERED.