*146 Fuld, J.
This appeal, here by our permission, presents the question whether a licensee, charged by the State Liquor Authority with a violation of the Alcoholic Beverage Control Law, is entitled to a copy of the hearing officer’s report, and an opportunity to controvert its contents, before the Authority takes action on it.
In August of 1958, the State Liquor Authority notified Sorrentino, the owner of a licensed bar and restaurant in Mount Vernon, that a hearing would be held in connection with proceedings to suspend, cancel or revoke his license. The charge was that he had permitted alcoholic beverages to be sold to a minor under the age of 18 years. A hearing was subsequently held in November, 1958 at which a deputy commissioner presided as a hearing officer. At the hearing, testimony was adduced tending to establish that a 15-year-old girl had been served an alcoholic drink known as a Tom Collins and that she had imbibed about half of it when a police officer questioned her as to her age. In defense, the licensee sought to show that no one in the bar had notice of the girl’s presence or of her status as a minor.
At the close of the hearing, the attorney for the licensee requested permission to submit a memorandum in support of his motion to dismiss the proceeding. The hearing officer granted such permission, and in the memorandum thereafter presented the licensee gave his version of the testimony and his view of the law. In addition, he requested “ a copy of the hearing officer’s report * * * prior to action thereon by the Authority ” so that he might have “ an opportunity * # * to controvert the findings or conclusions in such report ”.
This request was refused. Although the report is in the record before us, it was not furnished or made available to the licensee until after the Authority had made its determination. Containing a summary of the evidence, the hearing officer’s findings and his recommendation that the charge against the licensee be sustained, the report was before the Authority, along with the transcript of the hearing and the licensee’s memorandum when the agency made its decision. The order issued recited in part that “ due deliberation having been had * * * and the Authority having duly adopted the findings of the hearing officer and duly found that the licensee violated Section 65 * * * It is hereby ordered that the license aforesaid * * * be, *147 and the same hereby is Suspended for the period hereinafter specified ”.
The licensee thereafter instituted the present article 78 proceeding, urging that the Authority’s refusal to make the hearing officer’s report available to him or his attorney and to afford an opportunity to controvert the findings or the conclusions in the report violated the demands of procedural due process of law. The court at Special Term annulled the Authority’s order of suspension and remitted the matter to the Authority for reconsideration, directing that the licensee be furnished a copy of the hearing officer’s report and that he be allowed to address himself to it prior to such reconsideration. The Appellate Division unanimously affirmed, indicating that the result reached by Special Term was dictated by due process considerations. To support this conclusion, the Appellate Division cited Matter of O’Meally v. Rohan (286 App. Div. 872) which in turn relied upon the decision in Mazza v. Cavicchia (15 N. J. 498).
In the Mazza case, the New Jersey Division of Alcoholic Beverage Control had suspended a liquor license and, on review of the suspension, the licensee made the same claim which is made in the present proceeding—namely, that his rights were violated by the fact that the hearing officer’s report, which had been before the Director of the Division when he made his determination, had not been furnished or shown to the licensee. A divided court annulled the license revocation upon the ground that the refusal to make the report available to the licensee denied him procedural due process.
Although we agree with the Appellate Division’s disposition of this case, we find it unnecessary to rest our decision on due process grounds. Not all hearing officers perform the same function. Some essentially make a final determination for the particular agency concerned, while others do no more than sift and analyze the record, including the questions of law and policy involved, making their report to the agency either orally or in writing. (Of. Insurance Law, § 23.) In the latter sort of case, it is difficult to perceive how it may be said that due process requires a report to be made available to the licensee or other litigant. (Cf. Gonzales v. United States, 364 U. S. 59, 63; Peoria Braumeister Co. v. Yellowley, 123 F. 2d 637, 639; Bethlehem Steel Co. v. National Labor Relations Bd., 120 F. 2d 641, 653; *148 Morgan v. United States, 298 U. S. 468, 478 [Morgan I]; United States v. Morgan, 313 U. S. 409, 422 [Morgan 1V].)
We need not, however, become involved in debating the merits of the extremely broad principle announced by the New Jersey court in Mazza v. Cavicchia (15 N. J. 498, supra). (See Davis, New Jersey’s Unique Conception of “ Fair Play ” in the Administrative Process, 10 Rutgers L. Rev. 660, 670; Schwartz, Chief Justice Vanderbilt and Administrative Law, 34 N. Y. U. L. Rev. 691, 702-703; Schwartz, Administrative Law, 36 N. Y. U. L. Rev. 88, 96-97.) The case before us differs from Massa in a significant respect. In New Jersey, there was neither statutory nor administrative regulation of the conduct of the hearing or of the status of the officer conducting it. In this State, on the contrary, a comprehensive and extensive scheme has been prescribed for the conduct of a liquor license revocation hearing. (See Alcoholic Beverage Control Law, § 119; Rules of State Liquor Authority, rule 2.) This being so, we need not ask whether a hearing officer, no matter what his status, must make his report available to the accused licensee. Eather, we may limit ourselves to the question whether a hearing officer with a status such as that defined by the statute and regulation before us must do so.
Section 119 of the Alcoholic Beverage Control Law empowers the Liquor Authority to suspend, cancel or revoke licenses, hut this power, it is recited, may only he exercised after “ a hearing at which the licensee * * * shall he given an opportunity to be heard.” The statute goes on to provide that “ Such hearing shall be held in such manner and upon such notice as may be prescribed by the rules of the liquor authority.” Pursuant to section 119, the Authority has promulgated rule 2 which deals with “ Eevocation hearings ”. In 16 separate subdivisions this rule provides for “Appearances”, “Adjournments ”, “Argument”, “Briefs”, “Evidence” and “Hearings” as well as various other detailed facets of the revocation proceeding. Of special significance are the numerous instances in which the hearing officer is expressly given power over the conduct of the hearings. Thus, he is authorized to grant adjournments (suhd. 3); to curtail or limit oral argument (subd. 5); to allow the filing of briefs (subd. 7); to curtail cumulative evidence and to reopen the hearings for new evidence (suhd. 8); and, finally, to “ conduct the hearing in such manner as, in his discretion, will *149 best serve the purpose of the attainment of justice and dispatch ” (subd. 9).
Furthermore, unlike the situation in Mazza v. Cavicchia (15 N. J. 498, supra)—where the power to report was not found in either statute or rule — subdivision 9 of rule 2 expressly provides that the hearing officer “ shall make his findings as to whether the evidence sustained the charges, or any of them, * * * shall designate which charges he has found sustained by the evidence and shall, at his option, recommend to the Authority the action to be taken against the licensee.”
Read in its entirety, rule 2 envisions and calls for a proceeding which is distinct and independent of the subsequent determination by the Authority, rather than for a mere dependent facet of the decisional process. Indeed, it vests the hearing-officer with broad powers and duties, many of which are to be performed independently and in the exercise of his own discretion (see, e.g., subds. 5, 8, 9); in short, he is far more than a mere ministerial agent of the Authority. Or, to put the thought into the descriptive categories employed by Robert Benjamin in his authoritative study on administrative law, the procedure outlined in rule 2 makes the revocation hearing “ an isolated step in the procedure for decision” and renders the hearing-officer comparable to u a separate tribunal of first instance”. (1 Benjamin, Administrative Adjudication [1942], p. 232.)
The status and legal effect of the hearing officer’s report are a reflection of the character of the hearing and the power of the officer himself. And, although the report would obviously carry no legal consequence without subsequent Authority action, the fact is that the procedure prescribed by the Authority constitutes its subsequent determination a form of administrative review of the hearing officer’s findings rather than a primary determination. This being so, in the absence of express language to the contrary, and particularly in view of the serious constitutional issue which would otherwise be presented, rule 2 of the Authority’s rules should not be construed to deprive a licensee of the opportunity, if he requests it, to controvert the findings and determination which are the subject of the review.
In the view thus taken, we do not reach the broader question, decided in Mazza v. Cavicchia (15 N. J. 498, supra), whether due *150 process invariably requires a hearing officer’s report to be made available to a litigant before the administrative agency acts on it.
The order of the Appellate Division should be affirmed, with costs.