FIRST DEPARTMENT, JULY, 1969

(July 1, 1969)

■ In the Matter of LEON ALBURY, Respondent, v. NEW YORK CITY CIVIL SERVICE COMMISSION, DEPARTMENT OF PERSONNEL, Appellant.

*Per Curiam.* The denial to the petitioner of a formal hearing with representation by counsel was not a denial of due process. A conditional or provisional employee is not entitled to a hearing upon disqualification if one is not provided for by statute. For that matter, even on dismissal from regular, nonprovisional, employment, no hearing is required unless a statute so provides. A State or municipality in suspending or discharging its employees is exercising an administrative function and "no notice of hearing is necessary unless specifically enjoined by statute" (*Matter of Hecht* v. *Monaghan,* 307 N. Y. 461, 468; *Matter of Pinto* v. *Wynstra,* 22 A D 2d 914; *Matter of Avalon* v. *Allen,* 12 A D 2d 480; *Matter of Going* v. *Kennedy,* 5 A D 2d 173, affd. 5 N Y 2d 900). In the circumstances, judicial review is limited to a determination whether the petitioner's disqualification was arbitrary or capricious. Where appellant commission was confronted with conflicting medical opinion concerning the petitioner, its reliance upon the advice of its own medical staff cannot be considered arbitrary or capricious. (*Matter of Strauss* v. *Hannig,* 256 App. Div. 662, affd. 281 N. Y. 612.)

The lack of a provision for a formal hearing on a medical disqualification, moreover, does not constitute a denial of equal protection of the laws because such a hearing is provided for in other types of disqualification. It cannot be said that there is no rational basis for distinguishing between the nature of medical bases for disqualification and character and reputation bases for disqualification so as to permit a classification which prescribes a hearing upon written findings of medical experts in the one case and which affords an in-person hearing in the other. (*McGowan* v. *Maryland,* 366 U. S. 420, 425–426.)

The judgment should be reversed, on the law, and the petition dismissed, without costs and disbursements.

Stevens, P. J., Eager, Tilzer, Markewich and Steuer, JJ., concur.

Judgment unanimously reversed, on the law, without costs and without disbursements, and the petition dismissed.