■ DENIS J. McCABE, Respondent, v. SOLOMON HOBERMAN, as Director of New York City Department of Personnel, Appellant.— Order entered January 31, 1969, directing a trial as to the qualifications of petitioner for the post of New York City Patrolman unanimously reversed, on the law, and the complaint dismissed without costs or disbursements. Petitioner was disqualified on medical grounds, after examination by psychiatrists of the respondent Department of Personnel, specifically because of a " PERSONALITY DISORDER " pursuant to the

provisions of paragraph 71 of the examination announcement. This paragraph of the Medical Standards established by the City Civil Service Commission for Patrolman, Police Department, permits rejection of an applicant who has had "personality pattern disturbances, personality trait disturbances or sociopathic personality disturbances". And it adds explicitly: "Prior history may reject." The rejection of present petitioner is based on his prior history and examination by three departmental psychiatrists and certain psychological tests. Petitioner has come forward with contrary opinions of two recognizedly competent experts who avow that the petitioner is qualified for the position he seeks. Thus, essentially we have a conflict between expert opinions vis-à-vis the qualifications of the petitioner. But there is nothing in the record before us to indicate or even intimate that the respondent's Medical Board acted illegally or capriciously or adopted a professional position not founded on a rational basis. It is not for the courts to choose between the diverse professional opinions. That is the function of the proper department heads and as long as they act reasonably and responsibly, the courts will not interfere. And when a department relies on its own medical staff for advice such reliance per se is not to be considered arbitrary or capricious. This view has been repetitively set forth. (*Matter of Strauss* v. *Hannig,* 256 App. Div. 662, affd. 281 N. Y. 612; *Matter of Thomasson* v. *Valentine,* 263 App. Div. 334; *Matter of Going* v. *Kennedy,* 5 A D 2d 173; *Matter of Albury* v. *New York City Civ. Serv. Comm.,* 32 A D 2d 895.) Concur — Eager, J. P., Tilzer, McGivern, Markewich and Steuer, JJ.