In the Matter of MARY McAULAY, Respondent-Appellant, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants-Respondents.

First Department, November 19, 1974.

*John Lipsett* of counsel (*Boyd & Holbrook,* attorneys), for respondent-appellant.

*Nina G. Goldstein* of counsel (*L. Kevin Sheridan* with him on the brief; *Adrian P. Burke, Corporation Counsel*), for appellants-respondents.

KUPFERMAN, J. The petitioner, a tenured teacher in social studies in the New York City School System, received an unsatisfactory rating (hereinafter "U rating") from her principal at Seward Park Senior High School in Manhattan for the school year ending June, 1971. As a result, she was ordered transferred, involuntarily, to Washington Irving High School beginning in the fall term. She instituted a proceeding to stay the transfer, which was granted (WALTEMADE, J.). She thereafter continued at Seward Park and was directed to appear at a review of her U rating before a committee appointed by the Chancellor of the City School System, consisting of an assistant superintendent of the board of education, who was then permanent chairman of such review committee, and two New York City

high school principals. The review took place pursuant to section 105-a of the by-laws of the board of education.

The Chancellor's committee unanimously recommended that the U rating be sustained, and the Chancellor followed that recommendation. As a result of the U rating the petitioner lost her normal salary increment retroactive to February, 1972. Petitioner, thereafter, in an amended petition, sought to have the U rating revoked, her incremental salary raise restored, and a new hearing on the ground that the procedures were unfair or unconstitutional.

The court at Special Term (NADEL, J.) held that the review proceeding pursuant to section 105-a of the by-laws of the board of education was inadequate and directed a new hearing, at which the petitioner could be represented by counsel, be permitted to cross-examine witnesses, and at which hearing the burden of proof would be upon the principal to show that her services were unsatisfactory, rather than upon her, to show that the rating was incorrect.

While the court rejected petitioner's claim that the review committee was partial because it consists of the hierarchy of school principals and an assistant superintendent (cf. *Lopez* v. *Henry Phipps Plaza South,* 498 F. 2d 937, 944), the court directed that a new committee not include those who sat on the prior review, and further that the chairperson of such new committee not act as principal interrogator of witnesses. The court did not disturb the continuance of the U rating pending further proceedings.

On this appeal, the board of education concedes that the petitioner is entitled to a new review proceeding under section 105-a of the by-laws of the board of education at which she will be given the opportunity to call and interrogate any person, including the school principal, an opportunity which was denied her in the original review. This is based on the decision in *Matter of Brown* v. *Board of Educ. of City of N. Y.* (42 A D 2d 702, mot. for lv. to app. den. 34 N Y 2d 519), where the court interpreted the section to include certain rudimentary due process requirements, such as the right to be confronted by witnesses, to call witnesses, and to introduce any relevant evidence. Obviously, the refusal to allow the petitioner to interrogate the principal as to his reasons, previously given to her in a letter setting forth the bases for the U rating, prevented her from exercising the rights delineated.

The board of education also stated that there is no objection, as directed by Special Term, to a new review before a new com-

mittee. In view of the fact that the impartiality of a member of the previous committee had been questioned, this is a statesmanlike concession.

The petitioner asks that the U rating be annulled and the salary increment restored, asserting, among other reasons, an impingement on freedom of speech (see *Pickering* v. *Board of Educ.*, 391 U. S. 563; cf. *Perry* v. *Sindermann*, 408 U. S. 593; *Board of Regents* v. *Roth*, 408 U. S. 564).

We affirm the remand for a new hearing in accordance with the concession of the board of education (cf. *Matter of Legislative Conference of City Univ.* v. *Board of Higher Educ. of City of N. Y.*, 31 N Y 2d 926).

Inasmuch as a further hearing will be held, certain procedural questions considered by the court at Special Term come into play, to wit, questions of burden of proof, representation by counsel, and who should conduct the interrogation.

The petitioner here was assisted at the review hearing by a representative of the United Federation of Teachers, her union. (See *Matter of Antonopoulou* v. *Beame*, 32 N Y 2d 126, 131.) There are 346 pages of hearing minutes, without even interrogating the school principal. Petitioner is indeed articulate and was well versed in the various problems that arose at the hearing. The circumstances are not such as to mandate representation by counsel. (*Brown* v. *Board of Educ. of City of N. Y.*, 42 A D 2d 702, *supra*; *Matter of Clausen* v. *Board of Educ. of City of N. Y.*, 39 A D 2d 708; cf. *Wolff* v. *McDonnell*, 418 U. S. 539.)

As a matter of general procedure, the basic requirements of due process having been adhered to, it is for the board of education to determine who shall conduct the interrogation.

The judgment should therefore be modified on the law, without costs, to (a) delete the provision that "The Chairman of such Committee shall not act as principal interrogator of the witnesses," (b) delete the provision as to burden of proof, and substitute that the principal shall have the burden of proof as to the reasonableness of an unsatisfactory rating, and (c) delete the provision for representation by counsel, and otherwise affirmed.

McGivern, P. J., Nunez, Murphy and Lupiano, JJ., concur.

Judgment, Supreme Court, New York County, entered on May 14, 1973, unanimously modified, on the law, to (a) delete the provision that "The Chairman of such Committee shall not act as principal interrogator of the witnesses," (b) delete the pro-

vision as to burden of proof, and substitute that the principal shall have the burden of proof as to the reasonableness of an unsatisfactory rating, and (c) delete the provision for representation by counsel, and otherwise affirmed, without costs and without disbursements.