Joseph Jiudice, J.
This is a CPLR article 78 proceeding; the petitioner seeks multiple relief.
The petitioner is employed at the Wassaic Developmental Center as an associate psychologist — grade 23, a permanent appointment. In November, 1972, while the petitioner held the permanent position, as aforesaid, he was appointed, on a provisional basis, to the position of principal psychologist— grade 27, in the competitive class of the classified civil service.
It appears the petitioner served in this position, on a provisional basis, until December 18, 1975, at which time the respondent demoted and removed the petitioner from the provisional appointment as principal psychologist. It further appears the petitioner held this provisional appointment for a period in excess of three years during which time he still held a position by permanent appointment as an associate psychologist — grade 23.
It is petitioner’s contention, inter alia, that the removal and demotion was made by the respondent without any written charges, notice, hearing, proof or cause and that the removal and demotion was violative of the Civil Service Law, the collective bargaining agreement between the State of New York and the Civil Service Employees Association and the due *202 process and equal protection clauses of the New York and United States Constitutions.
He is requesting this court not only to annul the respondent’s action in demoting and removing him from the provisional appointment, but to direct the respondent. to restore and reappoint him and to award back pay lost as a result of the demotion.
Respondent sets forth three affirmative defenses in which he claims the petition fails to state facts upon which relief can be granted, the proceeding is barred by the four-month Statute of Limitations pursuant to CPLR 217, and that petitioner is not entitled to relief in accordance with the collective bargaining agreement and in accordance with section 65 of the Civil Service Law.
As a threshold question, this court must determine whether the petitioner’s proceeding is time-barred by CPLR 217, which reads in part as follows: "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner.”
It is undisputed that respondent’s determination to remove and demote the petitioner from his provisional appointment was effective as of December 18, 1975. This proceeding was commenced on July 9, 1976. The petitioner claims, however, that the respondent’s determination of December 18, 1975, was not "final and binding” in that the petitioner initiated step 1, step 2, and step 3 grievances pursuant to the provision of the collective bargaining agreement between the State of New York and the CSEA. He claims, therefore, that upon receipt of the step 3 decision, he elected to initiate the instant proceeding and that it was commenced well within four months from the step 3 decision, as aforesaid.
The petitioner was a provisional appointee under section 65 of the Civil Service Law. As such, he was not protected by the collective bargaining agreement between the State of New York and the Civil Service Employees Association. In other words, he derived no benefits guaranteed by the agreement, as aforesaid. In accordance with section 33 of the agreement and sections 75 and 76 of the Civil Service Law, the grievance procedures were not applicable to any action to dismiss this petitioner from his provisional appointment.
Petitioner’s reliance on section 75 of the Civil Service Law is misplaced. Section 65 of the Civil Service Law is controlling *203 in the instant situation. A provisional appointee may be discharged and terminated without a hearing or without a statement of reasons (Russell v Hodges, 470 F2d 212; Albury v New York City Civ. Serv. Comm., 32 AD2d 895).
The four-month period of limitations for a proceeding against an officer begins running at the effective date of dismissal (Matter of Fryer v Broome County Bd. of Supervisors, 37 AD2d 755).
In the instant case, therefore, the effective date of dismissal was December 18, 1975. Respondent’s decision, therefore, was "final and binding” as of that date upon the petitioner in view of his status under section 65 of the Civil Service Law. The fact this petitioner instituted grievance proceedings pursuant to a collective bargaining agreement under which he, in fact, had no rights as a provisional appointee, cannot serve to extend the four-month Statute of Limitations.
Accordingly, the petition is dismissed.