■  In the Matter of Blossom Fogel, Appellant, v Commissioner of Education of the State of New York et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered September 1, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education of the State of New York. On October 5, 1972, charges were preferred against petitioner, a licensed guidance counselor with a tenured position, by the Chancellor of the City School District of the City of New York. The charges contained a list of 15 specifications, together with a statement that the conduct specified "constitutes conduct unbecoming her position and conduct prejudicial to the good order, efficiency and discipline of the service". Hearings were held on the charges, after which the trial examiner recommended, in a report dated April 26, 1973, that certain of the charges be sustained and that petitioner be dismissed. The board of education adopted a resolution on June 28, 1973 in accordance with the trial examiner's recommendation, but modified the penalty to the extent of giving petitioner the option of resigning as of July 15, 1973 in order to avail herself of any vested pension rights. Petitioner declined the option and commenced a proceeding pursuant to CPLR article 78 in the Supreme Court, Kings County, seeking reversal of the determination of the board of education and reinstatement to her position, together with back pay. This proceeding was transferred to the Appellate Division in the Second Department. The Appellate Division annulled the determination, on the law, without costs, and remitted the matter "with a direction to afford petitioner and her attorney a reasonable opportunity to respond to the findings and recommendations contained in the Trial Examiner's report prior to taking any further action", stating: "Under the circumstances of this case, petitioner, having requested to see the Trial Examiner's report prior to a decision by respondent, should have been given the opportunity to controvert the findings which are the subject of review (*Matter of Sorrentino v State Liq. Auth.,* 10 NY2d 143). We have considered the other contentions raised by petitioner and find them to be without merit." (*Matter of Fogel v Board of Educ.,* 48 AD2d 925.) Petitioner was thereafter furnished with a copy of the trial examiner's report and she replied thereto. On October 20, 1975, the board of education reaffirmed its prior determination and dismissed petitioner. At a public meeting of the board of education held on January 21, 1976, the board, after hearing counsel for petitioner, again adopted the trial examiner's report, and dismissed petitioner. Petitioner, on or about February 26, 1976, appealed to the Commissioner of Education seeking a reversal of the determination of the board of education, reinstatement with back pay, and other relief. In the interim, petitioner also had become a plaintiff, with others, in an action in the United States District Court for the Eastern District of New York (*Teachers United for Fair*

*Treatment v Anker,* 445 F Supp 469), wherein petitioner sought, as to herself, a judgment vacating her dismissal, reinstatement with back pay, and other relief. In that action, summary judgment was granted against Blossom Fogel on the grounds that the decision of the Appellate Division was *res judicata* as to the issues raised. *(Teachers United for Fair Treatment v Anker,* 445 F Supp 469, 473-474, *supra.)* The Commissioner of Education dismissed petitioner's appeal on the ground that it was barred by *res judicata* and that a number of the issues raised were also the subject of the action in the United States District Court. On or about June 24, 1977, petitioner commenced this proceeding pursuant to CPLR article 78 in the Supreme Court, County of Kings, again seeking reinstatement, back salary, and other relief. Petitioner alleges that the dismissal of petitioner's appeal by the Commissioner of Education requires reversal on the grounds that the commissioner's finding was arbitrary and capricious, an abuse of discretion, and contrary to law, in that: (1) the decision was not supported by the evidence; (2) the penalty of dismissal was excessive; (3) the charges against petitioner were vague and indefinite; and (4) the procedure followed by the board of education denied her a fair hearing. The venue of this proceeding was apparently changed to the Supreme Court, County of Albany, and the matter was heard at a Special Term of that court held on October 28, 1977. By order dated August 24, 1978 and entered in Albany County on September 1, 1978, Special Term dismissed the petition upon the finding that the commissioner had found no serious question raised before him as to the validity of the remedial action taken by the board of education in response to the decision in *Matter of Fogel v Board of Educ. (supra),* and since that determination, as well as his application of the doctrine of *res judicata* had a rational basis, it may not be disturbed. Petitioner now contends that the appeal to the Commissioner of Education was not barred by the doctrine of *res judicata.* The only basis asserted for this contention is that no appeal had previously been taken from the determination of the board of education made on January 21, 1976. "A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first". *(Schuylerkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306.) On this record, it is clear that the issues on appeal before the Commissioner of Education were previously litigated in *Matter of Fogel v Board of Educ. (supra)* and that the court, in that case, found no merit to petitioner's contentions. Although the court did annul the determination of the board of education in that case, it did so on a limited procedural ground. Petitioner did not appeal from that part of the decision which found no merit in the other contentions raised and litigated. Those contentions, therefore, were not preserved for later review. The only issue preserved was the validity of the remedial action ordered by the court. As to that issue, the commissioner found no serious issue raised by petitioner before him. The determination of the commissioner being found upon a rational and reasonable basis, and not being affected by an error in law, may not be disturbed *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Judgment affirmed, without costs. Sweeney, J. P., Staley, Jr., Main and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The question in the instant proceeding is whether the adjudication of the earlier proceeding by the Second Department *(Matter of Fogel v Board of Educ.,* 48 AD2d 925) is a bar

under principles of *res judicata* to a consideration of the issues raised by petitioner in this proceeding. We must address ourselves, in a resolution of this matter, to whether or not the exact questions posed herein were litigated and determined in the prior action. In the original proceeding petitioner set forth several grounds for annulling the board's determination. These included (1) the evidence adduced at the hearing was insufficient to support a finding of guilt; (2) the charges were motivated by malice, in an attempt to discredit petitioner; (3) petitioner was denied due process in that (a) the board did not give reasons for its decision, (b) the board did not state the facts upon which it based its decision, (c) the trial examiner's report was not made available to petitioner and, thus, she was unable to respond thereto, (d) the charges leveled against her were vague and overbroad; (4) highly prejudicial evidence was admitted; (5) the board failed to follow its own regulations; and (6) the punishment of discharge was excessive. The Second Department annulled the determination of the board which had found petitioner guilty of improper conduct and which had dismissed petitioner from further service. The matter was then remitted to the board with directions to permit petitioner to respond to the trial examiner's report. The court also stated that it had considered the petitioner's *other contentions* and found them to be without merit. The commissioner rejected the contentions of the petitioner that the board's determination "was not supported by substantial evidence, that the penalty was excessive, that the charge was vague and indefinite * * * and that petitioner was not given a fair hearing". It was his opinion that these issues had already been resolved. Special Term held that the commissioner properly applied the doctrine of *res judicata*. It is evident that the Second Department in annulling the determination of the board and in its dismissal of the petition repudiated the finding of substantial evidence. If this question were already established there would have been no reason to remit the matter. Absent a finding of substantial evidence to support the charges, a decision on the excessiveness of the sentence was likewise impossible. To be noted, also, is that the record before Special Term in the instant proceeding differs from the record before the Second Department. The "other contentions" disposed of by the Second Department as to which its judgment is final referred to the issues of whether the charges were vague and overbroad, whether prejudicial evidence had been admitted and whether the board failed to follow its own regulations. The determination should be annulled and the matter should be remitted to the commissioner for a determination on the merits. Accordingly, the judgment should be reversed.