■ In the Matter of ERNEST D. SHERMAN, Appellant, v ADELE LEONARD, Individually and as Executive Director of the Nassau County Civil Service Commission, et al., Respondents. [602 NYS2d 652] —In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission dated August 4, 1989, which disqualified the petitioner from eligibility for the position of police officer on medical grounds, the petitioner appeals from a judgment of

the Supreme Court, Nassau County (Levitt, J.), entered July 26, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In light of the conflicting medical opinions, the respondent's determination to medically disqualify the petitioner from the position of police officer was neither arbitrary nor capricious (see, CPLR 7803 [3]; *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *Matter of Albury v New York City Civ. Serv. Commn.*, 32 AD2d 895, *affd* 27 NY2d 694). In addition, the Supreme Court properly concluded that the respondent did not discriminate against the petitioner (see, Executive Law § 296), since the evidence indicated that the petitioner's condition at the time of his examination rendered his shoulder susceptible to dislocation (cf., *Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106).

In light of the foregoing, we need not address the petitioner's remaining contentions. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.