■ In the Matter of Tops Markets, Inc., Petitioner, v New York State Liquor Authority, Respondent. [630 NYS2d 183] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding, transferred by Supreme Court pursuant to CPLR 7804 (g), petitioner seeks to annul the cancellation by respondent of petitioner's beer wine license. Respondent rejected the findings and conclusions of the Hearing Officer that there was insufficient proof that petitioner had violated Alcoholic Beverage Control Law § 65 (1), but deferred a final determination to enable petitioner to submit a "statement in controversion." By letter to respondent, petitioner's attorney controverted the proposed findings and requested an opportunity to appear

personally "to assist in [respondent's] final determinations." Petitioner's attorney was unable to be present on the date scheduled for his appearance. Respondent sustained the charge against petitioner, cancelled its license and imposed a $1,000 bond claim.

Respondent's determination cancelling petitioner's license is supported by substantial evidence. "[A] quasi-judicial determination should be sustained if the reviewing court concludes that others might reasonably reach the same result [citation omitted]" *(Matter of Danzo Estate v New York State Liq. Auth.,* 27 NY2d 469, 473-474). Based upon the evidence, respondent could reasonably conclude that petitioner violated Alcoholic Beverage Control Law § 65 (1) by selling beer to a minor.

There is no merit to the contention of petitioner that the cancellation of its license was arbitrary and capricious because respondent denied petitioner the opportunity to appear personally and present oral argument controverting respondent's proposed findings. Neither the Alcoholic Beverage Control Law nor the regulations require respondent to provide petitioner with an opportunity to present oral argument before anyone other than the Hearing Officer *(see,* Alcoholic Beverage Control Law § 119; 9 NYCRR 54.4 [f], [g]). The procedure prescribed by the regulations makes respondent's action "a form of administrative review of the hearing officer's findings rather than a primary determination" *(Matter of Sorrentino v State Liq. Auth.,* 10 NY2d 143, 149). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Flaherty, J.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.