■ In the Matter of JOHN VESPUCCI, JR., Appellant, v PATRICIA PRENDERGAST et al., Respondents. [756 NYS2d 791] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated February 15, 2002, which disqualified the petitioner from eligibility for the position of police officer for the County of Rockland, the petitioner appeals (1) from a judgment of the Supreme Court, Rockland County (O'Rourke, J.), dated March 22, 2002, which, in effect, denied the petition and dismissed the proceeding, and (2), as limited by his brief, from so much of an order of the same court, dated April 30, 2002, as, upon, in effect, granting reargument, adhered to the original determination.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order made upon reargument; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court properly concluded that the respondents' determination to disqualify the petitioner from eligibility for the position of police officer was neither arbitrary nor capricious (*see* CPLR 7803 [3]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231 [1974]; *Matter of Sherman v Leonard,* 197 AD2d 581 [1993]). Moreover, upon the petitioner's motion to reargue, the Supreme Court correctly adhered to its original determination (*see* CPLR 2221 [d]).

The petitioner's claim that he was "forbidden" to file a reply to the respondents' answer is dehors the record. Santucci, J.P., Feuerstein, Smith and Luciano, JJ., concur.