In the Matter of ANTHONY ALTIERI, Appellant, v CITY OF NEW YORK CIVIL SERVICE COMMISSION et al., Respondents. [868 NYS2d 203]—

The proceeding was properly dismissed for lack of allegations sufficient to show that petitioner's cardiac condition does not rationally support the disqualification. In arriving at their determinations, respondents were entitled to rely on the opinion of respondent Department of Sanitation's medical director that petitioner's appointment as a sanitation worker would put him

at serious risk. The conflicting opinion of petitioner's treating medical physician does not tend to show that respondent "acted illegally or capriciously or adopted a professional position not founded on a rational basis" (*McCabe v Hoberman*, 33 AD2d 547, 548 [1969]). In view of the foregoing, petitioner's medical disqualification cannot be the predicate of a discrimination claim under Executive Law § 296 (1) (a) (*see Bellamy v City of New York*, 14 AD3d 462 [2005]; *O'Sullivan v City of New York*, 38 AD3d 467, 469 [2007], *lv denied* 9 NY3d 804 [2007]). Concur— Mazzarelli, J.P., Friedman, Gonzalez, Buckley and Sweeny, JJ.